

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

May 26, 1949

Hon. D. C. Greer
State Highway Engineer
Texas Highway Department
Austin, Texas

Opinion No. V-830

Re: The necessity for Federal Income Tax Liens to be recorded on Certificates of Title to motor vehicles and the status in relation to other liens.

Dear Mr. Greer:

You request an opinion on three questions based upon the following facts:

"The Internal Revenue Department files liens against an individual for non-payment of Income Taxes. The individual owns one or several motor vehicles on which clear Certificate of Title has been issued, or perhaps such Certificate of Title will record a lien.

"These Federal Liens for Income Taxes are filed in the Office of the County Clerk in a book known as the 'Federal Lien Record'."

The three questions referred to are:

"1. Should this Department recognize as a prior lien this Federal Lien for Income Taxes even though a Certificate of Title has been issued on which there is recorded a lien dated prior to the recording of the Federal Tax Lien?

"2. Under Section 3, V.P.C., 1436-1, does the definition of the term 'Lien' apply to Federal Income Tax Liens?

"If the answer to question 2 is in the affirmative, must the Federal Tax Liens be filed with this Department?

"3. What protection would a mortgagee have if he loans money on a motor vehicle if a clear

Certificate of Title is presented to him and it later develops that a Federal Income Tax Lien has been filed against the owner of the vehicle?"

For convenience of this opinion we will answer your second question first, and then the first and third in that order.

Article 1436-1, Section 3, V.P.C., provides:

"The term 'Lien' means every kind of lease, conditional sales contract, deed of trust, chattel mortgage, trust receipt, reservation of title, or other written instrument of whatsoever kind or character whereby an interest, other than absolute title, is sought to be held or given in a motor vehicle, also any lien created or given by Constitution or Statute."

A lien has been defined by our Courts as a right to enforce a charge upon property of another for the payment or satisfaction of claims. It is also a charge upon property for the payment of a debt. There can be no lien without a debt. Vaughan v. John Hancock Mutual Life Insurance Company, 61 S.W.2d 189 (Tex. Civ. App. 1933); Williams v. Greer, 122 S.W.2d 247 (Tex. Civ. App. 1938); Gainesville v. Harder, 147 S.W.2d 959 (Tex. Civ. App. 1941), affirmed 139 Tex. 155, 162 S.W.2d 93 (1942).

The Federal right to a lien for unpaid income taxes arises by virtue of Federal Statute. 26 U.S.C.A., Section 3670, Internal Revenue Code, provides:

"If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, penalty, additional amount, or addition to such tax, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person."

And it is well established that such a lien can be enforced against the property, real or personal, of a defaulting person. United States v. Dallas National Bank, 164 F.2d 489, (C.C.A. 5th, 1947).

It is apparent this type lien fits squarely within the above court definition. But the Section 3 definition obviously contains a restricted application. It applies only to those liens "sought to be held or given in a motor vehicle". Consequently, the statutory definition does not apply to a Federal income tax lien if the lien, for example, seeks enforcement against a person's real property. However, in the event such a lien is sought to be enforced against a motor vehicle registered in Texas, Section 3 of Article 1436-1 applies. To that extent, your second question is answered in the affirmative.

Having so answered, you ask whether such Federal lien must be filed with your Department.

As between the original parties (in this instance the Federal Government and a delinquent taxpayer) the lien as against a motor vehicle is valid whether filed or not. This is settled law in Texas.  F. & M. National Bank of Ft. Worth v. Taylor, 91 Tex. 78, 40 S.W. 966 (1897); Commercial Credit Company v. American Manufacturing Company, 155 S.W.2d 834 (Tex. Civ. App., error ref. 1941); Shirley-Self Motor Company v. Simpson, 195 S.W.2d 951 (Tex. Civ. App., 1946). But when the rights of third parties intervene, the validity of the lien depends upon proper compliance with certain applicable statutes.

Indeed, Congress has by Federal Statute required this compliance. Section 3672, 26 U.S.C.A. Internal Revenue Code, provides:

"(a)  Such lien shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the collector --

"(1)  In the office in which the filing of such notice is authorized by the law of the State or Territory in which the property subject to the lien is situated, whenever the State or Territory has by law authorized the filing of such notice in an office within the State or Territory; . . ."

The filing with the County Clerk of Federal tax liens to be enforced against motor vehicles does not meet Texas statutory requirements. This is in keeping with the established meaning of Article 1436-1, known generally as the Certificate of Title Act, effective October 1, 1939. The effect of this Act was to repeal and supersede

Articles 5490, 5497 and 5497a, V.C.S., insofar as those Articles affected the registration of chattel mortgage liens on motor vehicles. Whereas formerly the validity of a motor vehicle lien as against third parties was dependent upon the mortgage being filed with the County Clerk (Articles 5490, 5497, 5497a), the Certificate of Title Act made such validity depend upon a proper recording of the lien on the certificate of title. Article 1436-1, Sections 42, 44 and 46.[1] This office in a prior opinion, O-1539, dated Nov. 7, 1939, so held. And in Commerical Credit Company v. American Manufacturing Company, supra, the Court reached the same conclusion, citing with approval O-1539. To the same effect, see also Motor Inv. Co. v. City of Hamlin, 142 Tex. 486, 179 S.W.2d 278 (1944).

Under the facts presented here, it is our opinion that Federal liens as against motor vehicles must be filed and recorded with your Department as authorized by the provisions of Article 1436-1 in order to be valid as against third parties.

Concerning your first question, we are of the opinion that you should not recognize priority of a Federal tax lien properly recorded under the Certificate of

---

[1] "Sec. 42. No lien on any motor vehicle shall be valid as against third parties without actual knowledge thereof or enforceable against the motor vehicle of any such third parties as the issuance of a certificate of title thereof, unless an application for a new title is made as prescribed in this Act and all first and subsequent liens noted by the Department thereon."

"Sec. 44. No lien on any motor vehicle to which a receipt or certificate of title has been issued shall be valid as against third parties without actual knowledge thereof, or enforceable against the motor vehicle of any such third parties, unless the notation of said lien shall have been caused to be made on receipts and certificates of title on said motor vehicle, as provided in this Act."

"Sec. 46. Only liens noted on a receipt or certificate of title shall be valid as against creditors of the mortgagor in so far as concerns the motor vehicle."

Title Act[2]  prior to the Federal lien.  When the Government fails to comply with the State's statutory requirement for filing of liens, it loses priority over prior recorded liens.[3]

In *United States v. Yates*, 204 S.W.2d 399 (Tex. Civ. App., 1947, error ref. n.r.e.) the Court held:

> "Having concluded that the attachment lien of Earl and W. O. Yates was specific and fixed upon the date of its levy, which date was prior to the date the Government fixed its lien for unpaid taxes ..... the Government's contention that the tax lien should have priority over the attachment lien fixed against the personal property of L. C. Russell is denied and overruled."

The Yates case cited with approval *Louisiana State University v. Hart*, 210 La. 78, 174 A.L.R. 1366, 26 So.2d 361 (1946), wherein a similar priority dispute was passed upon. The Supreme Court of Louisiana there stated:

> "It has often been said that the lien of the United States, under Sections 3670 and 3671, is subordinate to a prior mortgage. This has been the consistent ruling of the Federal courts. Detroit Bank v. United States, 317 U.S. 329, 63 S. Ct. 297, 87 L.Ed. 304; United States v. Beaver Run Coal Company, 3 Cir, 99 F.2d 16; Metropolitan Life Insurance Company v. United States, 6 Cir, 107 F.2d 311; Exchange National Bank of Tulsa v. Davy (DC) 13 F.Supp. 226. This subordinate position to prior mortgages was held to apply in the case where the tax lien arose before the mortgage

---

[2] "Sec. 43.  All liens on motor vehicles shall take priority according to the order of time the same are recorded on the receipt or certificate of title of all such recordings to be made by the Department."

[3] "The Government's failure to comply with statutory requirements relative to filing or recording notice of lien will deprive it of priority over such claimants." 47 C.J.S. Sec. 764, Internal Revenue, p. 997.

but was not properly recorded until after the
mortgage, even when the mortgagee had knowledge
of the existence of the unrecorded tax lien.
United States v. Beaver Run Coal Company, supra."

Much of what we have said is also applicable to
your third question. The protection to be afforded a
mortgagee who loans money on a motor vehicle where the
certificate of title presented to him is clear depends
mainly on the date of filing and recording his lien with
your Department.[4] The same protection is extended the
Government, provided its lien is filed and recorded as
required by Article 1436-1. Filing its lien with the
County Clerk is of no effect as against such a mortgagee.
In 47 C.J.S. 997, Internal Revenue, Section 764, it is
said:

"As between the mortgagee or other claim-
ant specified in the statute[5] as entitled to pro-
tection and the government, the date of recording
the tax lien will control, the tax lien being
preferred to subsequent liens and deferred to
those recorded prior to the tax lien. . . ."
(Footnote insertion ours.)

Insofar as motor vehicles are concerned, the
true test is: The first recorded lien as required by
Article 1436-1 is entitled to priority.

## SUMMARY

1. Federal income tax liens sought to be
enforced against a motor vehicle in Texas are
within the meaning of the term "lien" as defined
in Section 3 of Article 1436-1, V.P.C. Such liens,
in order to be valid as against third parties must
be filed with the Texas Highway Department and
duly recorded upon the certificate of title. Ar-
ticle 1436-1, Sections 42, 44 and 46, V.P.C.;

---

[4] Article 1436-1, Section 43, supra.

[5] Presumably 26 U.S.C.A., 3672, Internal Revenue Code,
supra.

26 U.S.C.A. Internal Revenue Code, Section 3672; Commercial Credit Company v. American Manufacturing Company, 155 S.W.2d 834 (Tex. Civ. App., 1941, error ref.).

2. Insofar as motor vehicles are concerned, the Texas Highway Department should not give priority to a Federal income tax lien filed in the office of the County Clerk over a lien duly filed and recorded upon the certificate of title to the motor vehicle prior to the Federal lien. Article 1436-1, Section 43, V.P.C.; United States v. Yates, 204 S.W.2d 399 (Tex. Civ. App., 1947, error ref. n.r.e.); Louisiana State University v. Hart, 210 La.78; 174 A.L.R. 1366, 26 So.2d 361 (1946).

3. A mortgagee who lends money on a motor vehicle where a clear certificate of title is presented to him is fully protected against a Federal income tax lien filed with the County Clerk, provided his lien is recorded on the certificate of title as provided by Article 1436-1. As between the Government and such a mortgagee, the first recorded lien on the certificate of title is entitled to priority. Article 1436-1, Section 43, V.P.C.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By _Charles E. Crenshaw_
Charles E. Crenshaw
Assistant

APPROVED

_Joe R. Greenhill_
FIRST ASSISTANT
ATTORNEY GENERAL

CEC/lg